UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

SCOTT ANDREW LEVY,
JAMES FOLK,
BRIAN ALAN SIROTA,

        Plaintiffs,

v.

GRANDE PIZZA 3 LLC D/B/A ANNIE'S PIZZA
& SUBS F/K/A GRANDE PIZZA #3 LLC,
SALVATORE AMICO,
JOSEPH LAY, ANTONINO AMICO,

        Defendants.
_____/

**COMPLAINT**
*{Jury Trial Demanded}*

Plaintiffs, SCOTT ANDREW LEVY, JAMES FOLK, and BRIAN ALAN SIROTA, bring this action against Defendants, GRANDE PIZZA 3 LLC D/B/A ANNIE'S PIZZA & SUBS F/K/A GRANDE PIZZA #3 LLC, SALVATORE AMICO, JOSEPH LAY, and ANTONINO AMICO, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and allege as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiffs, SCOTT ANDREW LEVY, JAMES FOLK, and BRIAN ALAN SIROTA were residents of the State of Florida and "employees" of Defendants as defined by the FLSA.

3. At all times material hereto, Defendant, GRANDE PIZZA 3 LLC D/B/A ANNIE'S PIZZA & SUBS F/K/A GRANDE PIZZA #3 LLC, was a Florida corporation with its principal place of business in South Florida, engaged in commerce in pizza restaurant operations, at all times material hereto was the "employer" of Plaintiffs as that term is defined under statutes referenced herein,

1

engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

4. Defendant, SALVATORE AMICO, is a resident of Broward County, Florida and was, and now is, the managing agent, director and/or owner of Defendant, GRANDE PIZZA 3 LLC D/B/A ANNIE'S PIZZA & SUBS F/K/A GRANDE PIZZA #3 LLC; said Defendant acted and acts directly in the interests of Defendant, GRANDE PIZZA 3 LLC D/B/A ANNIE'S PIZZA & SUBS F/K/A GRANDE PIZZA #3 LLC, in relation to said co-Defendant's employees. Defendant effectively dominates GRANDE PIZZA 3 LLC D/B/A ANNIE'S PIZZA & SUBS F/K/A GRANDE PIZZA #3 LLC administratively or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work of others. Thus, SALVATORE AMICO was and is an "employer" of the Plaintiffs within the meaning of 29 U.S.C. §203(d).

5. Defendant, JOSEPH LAY, is a resident of Broward County, Florida and was, and now is, the managing agent, director and/or owner of Defendant, GRANDE PIZZA 3 LLC D/B/A ANNIE'S PIZZA & SUBS F/K/A GRANDE PIZZA #3 LLC; said Defendant acted and acts directly in the interests of Defendant, GRANDE PIZZA 3 LLC D/B/A ANNIE'S PIZZA & SUBS F/K/A GRANDE PIZZA #3 LLC, in relation to said co-Defendant's employees. Defendant effectively dominates GRANDE PIZZA 3 LLC D/B/A ANNIE'S PIZZA & SUBS F/K/A GRANDE PIZZA #3 LLC administratively or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work of others. Thus, JOSEPH LAY was and is an "employer" of the Plaintiffs within the meaning of 29 U.S.C. §203(d).

6.     Defendant, ANTONINO AMICO, is a resident of Broward County, Florida and was, and now is, the managing agent, director and/or owner of Defendant, GRANDE PIZZA 3 LLC D/B/A ANNIE'S PIZZA & SUBS F/K/A GRANDE PIZZA #3 LLC; said Defendant acted and acts directly in the interests of Defendant, GRANDE PIZZA 3 LLC D/B/A ANNIE'S PIZZA & SUBS F/K/A GRANDE PIZZA #3 LLC, in relation to said co-Defendant's employees. Defendant effectively dominates GRANDE PIZZA 3 LLC D/B/A ANNIE'S PIZZA & SUBS F/K/A GRANDE PIZZA #3 LLC administratively or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work of others. Thus, ANTONINO AMICO was and is an "employer" of the Plaintiffs within the meaning of 29 U.S.C. §203(d).

7.     Defendant, GRANDE PIZZA 3 LLC D/B/A ANNIE'S PIZZA & SUBS F/K/A GRANDE PIZZA #3 LLC, and the entities Grande Pizza Co., Grande Pizza Co. #2, Grande Pizza 4 LLC f/k/a Grande Pizza #4 LLC d/b/a Grande Pizza Subs & Wings, Grande Pizza #5 LLC, Grande Pizza 6 LLC, A New Concept Italian Restaurant, Inc. d/b/a Esposito's Pizza are a single enterprise under the Fair Labor Standards Act, performed related activities through unified operation and common control for a common business purpose, engaged along with their employees in interstate commerce, and have an annual gross sales and/or business volume of $500,000 or more.

8.     In justifiable reliance upon Defendants' representations and promises, Plaintiffs SCOTT ANDREW LEVY, JAMES FOLK, and BRIAN ALAN SIROTA accepted employment and began working for Defendants as delivery drivers and general laborers.

9.     During Plaintiffs' employments, Defendants failed to pay Plaintiffs the full and proper overtime wages of 1.5 times their regular hourly rates for all hours worked over 40 each week.

10. During said period, Defendants failed to pay Plaintiffs the full and proper minimum wages for all hours worked each week.

11. The records, if any, concerning the date ranges of Plaintiffs' employment, the number of hours Plaintiffs actually worked, and the compensation actually paid to Plaintiffs are in the possession and/or control of Defendants; however, Plaintiffs have attached statements of claims as Exhibit A, Exhibit B and Exhibit C to provide initial estimates of the damages. These amounts may change as Plaintiffs engage in the discovery process.

12. Defendants have knowingly and willfully refused to pay Plaintiffs all of their legally-entitled wages.

13. Plaintiffs have complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

14. Plaintiffs have retained the services of the undersigned and are obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## ALL DEFENDANTS

15. Plaintiffs reallege and incorporates the allegations set forth in paragraphs 1-14 above as if set forth herein in full.

16. Plaintiffs allege this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiffs are entitled to: (i) unpaid minimum wages; (ii) time-and-a-half overtime pay, and (iii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

17. Plaintiffs seek recovery of damages as referenced above and further seek interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the Court deems just and appropriate.

        Respectfully submitted,

        Koz Law, P.A.
        320 S.E. 9th Street
        Fort Lauderdale, Florida 33316
        Phone: (786) 924-9929
        Fax:    (786) 358-6071
        Email: ekoz@kozlawfirm.com

        _/s/ Elliot A. Kozolchyk_
        Elliot Kozolchyk, Esq.
        Bar No.: 74791