# SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND LIMITED RELEASE ("Settlement Agreement") is made and entered into by and between Plaintiff **Scott Andrew Levy, James Folk and Brian Alan Sirota** and Defendants, **Grande Pizza 3 LLC, Salvatore Amico, Joseph Lay** and **Antonino Amico**, their agents, representatives, insurers, attorneys, employees, assignees, and successors, (collectively "Defendants").

## I. RECITAL

WHEREAS, Plaintiffs filed an action against Defendants in the United States District Court of the Southern District of Florida styled *Scott Andrew Levy v. Grande Pizza 3, LLC, et al.*, bearing Case No. 15-62533 ("the Litigation");

WHEREAS, Defendants deny the allegations and liability with respect to the Litigation, including but not limited to the allegations of enterprise liability and personal liability on the part of all of the individual defendants for any violations under the FLSA and FMWA;

WHEREAS, the parties wish to resolve the litigation in order to avoid the uncertainty and delay associated with the Litigation;

WHEREAS, the claims in the Litigation have been settled pursuant to the terms set forth herein.

## II. GENERAL PROVISIONS

The Parties hereby agree as follows:

### A. Recitals

The Recitals set forth above are true and correct.

### B. Release and Discharge

In consideration of the payment called for herein and other good and valuable consideration, the receipt and sufficiency of which is acknowledged, Plaintiffs hereby completely release and forever discharge Grande Pizza 3, LLC, Salvatore Amico, Joseph Lay, Antonino Amico and their successors, agents, assigns, parent corporation(s) and its and their divisions, subsidiaries, affiliates, related business entities, and their present and former officers, directors, agents, employees, predecessors, successors, assigns, representatives, and all other persons, firms or corporations with whom any of the former have been, are now or may hereafter be affiliated from any and all past, present or future claims, demands, obligations, actions, causes of action, rights, damages, punitive damages, attorneys' fees, costs, expenses and compensation of any nature whatsoever for claims asserted by Plaintiffs in the Litigation and any other claims that may exist, whether known or unknown, that has accrued or may have accrued by the date of the execution of this Settlement Agreement, including but not limited to any claim brought under

**EXHIBIT A**

the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq., and any claims for attorneys' fees and costs that could be asserted by Plaintiffs' or their counsel in connection with any such claims.

In consideration of the mutual covenants set forth herein, and other good and valuable consideration, the receipt and sufficiency of which is acknowledged, Defendants hereby completely release and forever discharge Scott Andrew Levy, James Folk and Brian Alan Sirota from any and all past, present or future claims, demands, obligations, actions, causes of action, rights, damages, punitive damages, attorneys' fees, costs, expenses and compensation of any nature whatsoever, whether known or unknown, that have accrued or may have accrued by the date of the execution of this Settlement Agreement.

C. **Payment, Agreement not to Sue and Issuance of 1099 to Scott Levy, Confidentiality.**

1. In consideration of the release set forth above, Defendants shall pay Plaintiffs the Settlement Amount of $40,000.00, $18,453.09 of which shall be paid to Plaintiff Scott Levy, $1,370.06 shall be paid to Plaintiff Brian Sirota and $1,878.10 shall be paid to Plaintiff James Folk, with the remaining $18,298.75 paid to Plaintiffs' counsel, Elliot Kozolchyk, Esq., Koz Law, P.A., for Plaintiffs' attorneys fees and costs. Defendants shall deliver to Koz Law, P.A., 320 S.E. 9th Street, Fort Lauderdale, Florida 33316 the Settlement Amount according to the following payment schedule via checks payable to "Koz Law, P.A.":

**Payment Schedule**

| Payment | Amount | Due Date |
|---|---|---|
| 1 | $ 5,000.00 | Within 7 days of the Court's approval of the Settlement Agreement. |
| 2 | $ 5,000.00 | Within 37 days of the Court's approval of the Settlement Agreement. |
| 3 | $ 5,000.00 | Within 67 days of the Court's approval of the Settlement Agreement. |
| 4 | $ 5,000.00 | Within 97 days of the Court's approval of the Settlement Agreement. |
| 5 | $ 5,000.00 | Within 127 days of the Court's approval of the Settlement Agreement. |
| 6 | $ 5,000.00 | Within 157 days of the Court's approval of the Settlement Agreement |
| 7 | $ 5,000.00 | Within 187 days of the Court's approval of the Settlement Agreement |
| 8 | $5,000.00 | Within 217 days of the Court's approval of the Settlement Agreement |

a. Plaintiffs are fully responsible for paying the taxes they owe on the non-wage amounts paid under this agreement.

  b. Payment by Defendants of all amounts herein shall be delivered to Plaintiffs' counsel's office.

c. If Defendants fail to make any payment on or before the applicable due date set forth in the Payment Schedule above, or if the delivered check is invalid or draws from an account that has insufficient funds to satisfy the amount of the check, Plaintiffs shall give notice of default via e-mail to giberson@gibersonlaw.com. If Defendants fail to cure the payment within five days of the e-mailed notice, Plaintiffs shall be entitled to a Default Final Judgment for double the entire remaining balance of Settlement Amount plus attorneys' fees and costs incurred in obtaining the Default Final Judgment, plus attorneys' fees and costs incurred in enforcing this Settlement Agreement including attorneys' fees and costs incurred during post-judgment collections.

2. Plaintiffs agree that they shall not reassert, pursue or assist in the pursuit of the claims he asserted in the Litigation, whether in court or any other forum, including but not limited to, by filing a claim with the U.S. Department of Labor against Defendant.

3. The parties will take all actions to seek approval, and agree to submit the Agreement to the Court, and represent that the Agreement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. The parties will seek the Court's reservation of jurisdiction to enforce the terms of the Settlement Agreement.

4. Defendant Grande Pizza 3, LLC shall provide a 1099 for $15,000 in compensation paid to Scott Levy during 2015.

5. The Parties to this Agreement agree that the terms of this Settlement Agreement shall be kept strictly confidential, except to the extent necessary to obtain approval from the Court.

## III. WARRANTY OF CAPACITY TO EXECUTE AGREEMENT

The parties represent and warrant that no other person or entity has or has had any interest in the claims, demands, obligations or causes of action referred to in this Settlement Agreement; that they have the sole and exclusive right to receive sums specified in it;[1] that they have not sold, assigned, transferred, conveyed or otherwise disposed of any of the claims, demands, obligations or causes of action referred to in this Settlement Agreement; and that the person executing this Agreement has the authority, on behalf of each party, to execute the terms and conditions of the Settlement Agreement.

## IV. ENTIRE AGREEMENT AND SUCCESSORS IN INTEREST

The parties agree that this Settlement Agreement and Limited Release contain the entire agreement between Plaintiff and Defendants with regard to the matters set forth in it, and shall be

[1] With the exception of Plaintiffs' counsel's attorneys' fees and costs.

binding upon and inure to the benefit of their respective successors and assigns. There are no other understandings or agreements, verbal or otherwise, in relation thereto between the parties, except as herein expressly set forth. There have been no representations not set forth herein that the parties have relied upon when entering into this Settlement Agreement. Should any provision of this Settlement Agreement require interpretation or construction the parties agree that all parties have participated in the drafting of this document and no presumption regarding construing the document against one party shall apply.

Further, it is understood and agreed that this Settlement Agreement is the compromise of a disputed claim, and that the payment made is not to be construed as an admission of liability on the part of any party hereby released.

## V. CONSTRUCTION BY STATE LAW, ATTORNEYS FEES FOR ENFORCEMENT

This Settlement Agreement is entered into in the State of Florida, and shall be construed and interpreted in accordance with its laws. In the event that it is necessary for one of the parties to file a legal action to enforce the terms of this Settlement Agreement, the prevailing party shall be entitled to recover its attorneys' fees and costs in connection with such legal action.

## VI. REPRESENTATION OF COMPREHENSION OF DOCUMENT

Plaintiff affirm and acknowledge that: (i) Plaintiff have been given twenty-one days to review this document and make a decision prior to its execution, and, if Plaintiffs have elected to take less time to consider this document, Plaintiffs did so knowingly, voluntarily, and with full understanding of the waiver of their legal right to consider this document for the full twenty-one days; (ii) Plaintiff have had the opportunity to consult with counsel regarding the terms of this document prior to execution; (iii) Plaintiff fully understand this document; and (iv) Plaintiff have freely and voluntarily executed this document.

## VII. EFFECTIVENESS

This Settlement Agreement shall become effective following execution by all the Parties. The Settlement Agreement may be executed in counterparts. Facsimile and electronic signatures are binding as originals.

Having elected to execute this Settlement Agreement, Plaintiff freely and knowingly and after due consideration, enters into this Confidential Settlement Agreement & Release intending to waive, settle and release all claims they have or may have against Defendants.

[signature]
**Scott Andrew Levy**

Dated: 6/7/2016

________________________
**Salvatore Amico**

Dated: ____________

________________________
**James Folk**

Dated: ____________

________________________
**Jospeh Lay**

Dated: ____________

________________________
**Brian Alan Sirota**

Dated: ____________

________________________
**Antonino Amico**

Dated: ____________

________________________

**Grande Pizza 3, LLC**

By:____________
Print Name:____________
Its:____________

Dated: ____________

______________________________
**Scott Andrew Levy**

Dated: ______________

______________________________
**James Folk**

Dated: ______________

______________________________
**Brian Alan Sirota**

Dated: 6/13/16

**Grande Pizza 3, LLC**

By:______________________________
Print Name:______________________________
Its:______________________________

Dated: ______________

______________________________
**Salvatore Amico**

Dated: ______________

______________________________
**Jospeh Lay**

Dated: ______________

______________________________
**Antonino Amico**

Dated: ______________

______________

EXHIBIT A

________________________
**Scott Andrew Levy**

Dated: ________________

James Folk
________________________
**James Folk**

Dated: 6/7/16

________________________
**Brian Alan Sirota**

Dated: ________________

**Grande Pizza 3, LLC**

By:________________________
Print Name:________________
Its:________________________

Dated: ________________

________________________
**Salvatore Amico**

Dated: ________________

________________________
**Jospeh Lay**

Dated: ________________

________________________
**Antonino Amico**

Dated: ________________

________________

**EXHIBIT A**

# SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND LIMITED RELEASE ("Settlement Agreement") is made and entered into by and between Plaintiff **Scott Andrew Levy, James Folk and Brian Alan Sirota** and Defendants, **Grande Pizza 3 LLC, Salvatore Amico, Joseph Lay** and **Antonino Amico**, their agents, representatives, insurers, attorneys, employees, assignees, and successors, (collectively "Defendants").

## I. RECITAL

WHEREAS, Plaintiffs filed an action against Defendants in the United States District Court of the Southern District of Florida styled *Scott Andrew Levy v. Grande Pizza 3, LLC, et al.*, bearing Case No. 15-62533 ("the Litigation");

WHEREAS, Defendants deny the allegations and liability with respect to the Litigation, including but not limited to the allegations of enterprise liability and personal liability on the part of all of the individual defendants for any violations under the FLSA and FMWA;

WHEREAS, the parties wish to resolve the litigation in order to avoid the uncertainty and delay associated with the Litigation;

WHEREAS, the claims in the Litigation have been settled pursuant to the terms set forth herein.

## II. GENERAL PROVISIONS

The Parties hereby agree as follows:

### A. Recitals

The Recitals set forth above are true and correct.

### B. Release and Discharge

In consideration of the payment called for herein and other good and valuable consideration, the receipt and sufficiency of which is acknowledged, Plaintiffs hereby completely release and forever discharge Grande Pizza 3, LLC, Salvatore Amico, Joseph Lay, Antonino Amico and their successors, agents, assigns, parent corporation(s) and its and their divisions, subsidiaries, affiliates, related business entities, and their present and former officers, directors, agents, employees, predecessors, successors, assigns, representatives, and all other persons, firms or corporations with whom any of the former have been, are now or may hereafter be affiliated from any and all past, present or future claims, demands, obligations, actions, causes of action, rights, damages, punitive damages, attorneys' fees, costs, expenses and compensation of any nature whatsoever for claims asserted by Plaintiffs in the Litigation and any other claims that may exist, whether known or unknown, that has accrued or may have accrued by the date of the execution of this Settlement Agreement, including but not limited to any claim brought under

the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq., and any claims for attorneys' fees and costs that could be asserted by Plaintiffs' or their counsel in connection with any such claims.

In consideration of the mutual covenants set forth herein, and other good and valuable consideration, the receipt and sufficiency of which is acknowledged, Defendants hereby completely release and forever discharge Scott Andrew Levy, James Folk and Brian Alan Sirota from any and all past, present or future claims, demands, obligations, actions, causes of action, rights, damages, punitive damages, attorneys' fees, costs, expenses and compensation of any nature whatsoever, whether known or unknown, that have accrued or may have accrued by the date of the execution of this Settlement Agreement.

C. **Payment, Agreement not to Sue and Issuance of 1099 to Scott Levy, Confidentiality.**

1. In consideration of the release set forth above, Defendants shall pay Plaintiffs the Settlement Amount of $40,000.00, $18,453.09 of which shall be paid to Plaintiff Scott Levy, $1,370.06 shall be paid to Plaintiff Brian Sirota and $1,878.10 shall be paid to Plaintiff James Folk, with the remaining $18,298.75 paid to Plaintiffs' counsel, Elliot Kozolchyk, Esq., Koz Law, P.A., for Plaintiffs' attorneys fees and costs. Defendants shall deliver to Koz Law, P.A., 320 S.E. 9th Street, Fort Lauderdale, Florida 33316 the Settlement Amount according to the following payment schedule via checks payable to "Koz Law, P.A.":

**Payment Schedule**

| Payment | Amount | Due Date |
|---|---|---|
| 1 | $ 5,000.00 | Within 7 days of the Court's approval of the Settlement Agreement. |
| 2 | $ 5,000.00 | Within 37 days of the Court's approval of the Settlement Agreement. |
| 3 | $ 5,000.00 | Within 67 days of the Court's approval of the Settlement Agreement. |
| 4 | $ 5,000.00 | Within 97 days of the Court's approval of the Settlement Agreement. |
| 5 | $ 5,000.00 | Within 127 days of the Court's approval of the Settlement Agreement. |
| 6 | $ 5,000,00 | Within 157 days of the Court's approval of the Settlement Agreement |
| 7 | $ 5,000,00 | Within 187 days of the Court's approval of the Settlement Agreement |
| 8 | $5,000.00 | Within 217 days of the Court's approval of the Settlement Agreement |

a. Plaintiffs are fully responsible for paying the taxes they owe on the non-wage amounts paid under this agreement.

    b. Payment by Defendants of all amounts herein shall be delivered to Plaintiffs' counsel's office.

c. If Defendants fail to make any payment on or before the applicable due date set forth in the Payment Schedule above, or if the delivered check is invalid or draws from an account that has insufficient funds to satisfy the amount of the check, Plaintiffs shall give notice of default via e-mail to giberson@gibersonlaw.com. If Defendants fail to cure the payment within five days of the e-mailed notice, Plaintiffs shall be entitled to a Default Final Judgment for double the entire remaining balance of Settlement Amount plus attorneys' fees and costs incurred in obtaining the Default Final Judgment, plus attorneys' fees and costs incurred in enforcing this Settlement Agreement including attorneys' fees and costs incurred during post-judgment collections.

2. Plaintiffs agree that they shall not reassert, pursue or assist in the pursuit of the claims he asserted in the Litigation, whether in court or any other forum, including but not limited to, by filing a claim with the U.S. Department of Labor against Defendant.

3. The parties will take all actions to seek approval, and agree to submit the Agreement to the Court, and represent that the Agreement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. The parties will seek the Court's reservation of jurisdiction to enforce the terms of the Settlement Agreement.

4. Defendant Grande Pizza 3, LLC shall provide a 1099 for $15,000 in compensation paid to Scott Levy during 2015.

5. The Parties to this Agreement agree that the terms of this Settlement Agreement shall be kept strictly confidential, except to the extent necessary to obtain approval from the Court.

## III. WARRANTY OF CAPACITY TO EXECUTE AGREEMENT

The parties represent and warrant that no other person or entity has or has had any interest in the claims, demands, obligations or causes of action referred to in this Settlement Agreement; that they have the sole and exclusive right to receive sums specified in it;[1] that they have not sold, assigned, transferred, conveyed or otherwise disposed of any of the claims, demands, obligations or causes of action referred to in this Settlement Agreement; and that the person executing this Agreement has the authority, on behalf of each party, to execute the terms and conditions of the Settlement Agreement.

## IV. ENTIRE AGREEMENT AND SUCCESSORS IN INTEREST

The parties agree that this Settlement Agreement and Limited Release contain the entire agreement between Plaintiff and Defendants with regard to the matters set forth in it, and shall be

[1] With the exception of Plaintiffs' counsel's attorneys' fees and costs.

binding upon and inure to the benefit of their respective successors and assigns. There are no other understandings or agreements, verbal or otherwise, in relation thereto between the parties, except as herein expressly set forth. There have been no representations not set forth herein that the parties have relied upon when entering into this Settlement Agreement. Should any provision of this Settlement Agreement require interpretation or construction the parties agree that all parties have participated in the drafting of this document and no presumption regarding construing the document against one party shall apply.

Further, it is understood and agreed that this Settlement Agreement is the compromise of a disputed claim, and that the payment made is not to be construed as an admission of liability on the part of any party hereby released.

## V. CONSTRUCTION BY STATE LAW, ATTORNEYS FEES FOR ENFORCEMENT

This Settlement Agreement is entered into in the State of Florida, and shall be construed and interpreted in accordance with its laws. In the event that it is necessary for one of the parties to file a legal action to enforce the terms of this Settlement Agreement, the prevailing party shall be entitled to recover its attorneys' fees and costs in connection with such legal action.

## VI. REPRESENTATION OF COMPREHENSION OF DOCUMENT

Plaintiff affirm and acknowledge that: (i) Plaintiff have been given twenty-one days to review this document and make a decision prior to its execution, and, if Plaintiffs have elected to take less time to consider this document, Plaintiffs did so knowingly, voluntarily, and with full understanding of the waiver of their legal right to consider this document for the full twenty-one days; (ii) Plaintiff have had the opportunity to consult with counsel regarding the terms of this document prior to execution; (iii) Plaintiff fully understand this document; and (iv) Plaintiff have freely and voluntarily executed this document.

## VII. EFFECTIVENESS

This Settlement Agreement shall become effective following execution by all the Parties. The Settlement Agreement may be executed in counterparts. Facsimile and electronic signatures are binding as originals.

Having elected to execute this Settlement Agreement, Plaintiff freely and knowingly and after due consideration, enters into this Confidential Settlement Agreement & Release intending to waive, settle and release all claims they have or may have against Defendants.

______________________________
**Scott Andrew Levy**

Dated: ______________

______________________________
**James Folk**

Dated: ______________

______________________________
**Brian Alan Sirota**

Dated: ______________

**Grande Pizza 3, LLC**

By: ______________________
Print Name: SALVATORE AMICO
Its: MGRM

Dated: 6-7-2016

______________________________
**Salvatore Amico**

Dated: 6-7-2016

______________________________
**Jospeh Lay**

Dated: 6/7/16

______________________________
**Antonino Amico**

Dated: 6/7/16

______________

**EXHIBIT A**